# James H. Clark, Receiver of the Masonic Benevolent Association, v. L. L. Lehman.

1. BENEVOLENT ASSOCIATIONS—*Declaration Against Defaulting Members.*—In the statement of the case will be found, given in full, a declaration by the receiver of a benevolent association against a member in default of the payment of his assessment for death losses, which the court holds good.

2. SAME—*Remedy Against Defaulting Members.*—Whether a member of a benevolent association is legally liable to pay assessments for death losses, or whether the only recourse of the association in the event of his refusal to pay is to declare his certificate void and cancel his membership, depends upon the contract between the member and the association.

3. SAME—*No Express Stipulation to Pay Assessments.*—In the absence of an express stipulation to pay assessments the contract is unilateral and the member may pay or decline to pay at his option; the only effect of his default is to relieve the association of its obligation to him.

4. SAME—*Construction of the Contract.*—The contract is to be ascertained, not upon consideration of the certificate alone, but the application for membership; the constitution and by-laws of the association form a part thereof, and are to be considered together with the certificate as though all were embraced in a single instrument, especially where the member in his application stipulates that he will faithfully abide by all the laws and regulations of the association then in force and by such changes therein as thereafter may be legally made.

5. RECEIVERS—*Of Benevolent Associations.*—A receiver of a benevolent association succeeds to all the rights of action which had accrued to the association, and the court has full power to clothe him with the authority possessed in the first instance by the secretary of notifying the members of their liability to pay assessments for death losses.

6. BENEFICIARIES—*Practice in Adjusting Claim.*—Where the beneficiaries of a benevolent association, before the appointment of the receiver, by a course of proceedings established by the constitution and by-laws of the association, have procured their claims to be adjusted, and the liability of the association (at least *prima facie*) established, it is proper for the court to take the necessary steps to carry such proceedings to a lawful termination, leaving it to the parties assessed to prefer, in court, complaint, if any they have, against the legality or justice of the claims, to satisfy which the assessment was made.

7. WORDS AND PHRASES—*Property of Benevolent Associations—Mortuary Calls.*—The word " property," as used in section 19 of the act approved June 22, 1893 (Laws 1893, page 125), includes debts and choses in action of every kind. (Stable v. Webster, 11 Ill. 511.) And an equitable disposition of the property of such an association can only be accom-

plished by enforcing payment of amounts due from members upon mortuary calls, and the appropriation of the sum so collected to the persons entitled thereto, according to the plans, purposes and contracts of the association.

8. LIMITATIONS—*Effect of the Appointment of a Receiver.* —The effect of a decree of dissolution and the appointment of a receiver, is to vest the property of the association in the receiver for the benefit of creditors. The receiver thereupon becomes in fact a trustee for the creditors, and the limitation created by stipulations in the certificate for that reason ceases to run.

**Assumpsit,** for mortuary assessments. Appeal from the County Court of Coles County; the Hon. SUMNER S. ANDERSON, Judge, presiding. Heard in this court at the November term, 1895. Reversed and remanded. Opinion filed May 16, 1896.

## STATEMENT OF THE CASE.

This is an appeal from a judgment sustaining a demurrer to the following declaration, viz.:

STATE OF ILLINOIS, ⎱ ss.
  Coles County.  ⎰

In the County Court, September term, 1895.

The plaintiff, James H. Clark, receiver of the Masonic Benevolent Association of Central Illinois, complains of Lewis L. Lehman, defendant, of a plea of trespass on the case on promises.

For that whereas, heretofore, to wit, on the 29th day of May, 1874, at and in said county, in pursuance of, and in conformity with an act of the General Assembly of the State of Illinois, approved on the 18th day of April, 1872, and in force July 1, 1872, the said Masonic Benevolent Association of Central Illinois was incorporated and organized, with its principal office at Mattoon in said county, for the purpose of giving financial aid to the widows, orphans, heirs and devisees of deceased members of said association, and for no other purpose; and thereupon it elected officers and proceeded to carry out the objects of its organization, that of life indemnity or insurance, upon the assessment plan, and thereafter continued to conduct its said business by receiving applications for membership, issuing certificates of member-

ship, making and collecting assessments, and paying death losses, etc., until, to wit, on the 17th day of April, 1894, when, at a term of said Circuit Court in said county, begun and held on the second Monday in April, 1894, a decree of said court was entered at the suit of the attorney-general of said State and against said association, the said court then and there having jurisdiction of the parties and subject-matter of said suit, dissolving said incorporated association, and appointing plaintiff, James H. Clark, receiver, to take possession of its property, assets, credits and effects, investing him with all the powers of a receiver in chancery over the affairs of said association, and directing him to proceed to wind up the affairs of said association, to convert its assets into cash, and make report thereof to the court, to be distributed to the creditors of said association, and ordering and directing said receiver to make an assessment upon the members of said association, to pay the debts and obligations, giving to each member assessed sixty days notice of the amount assessed against him, and that if payment of said assessment was not made within sixty days, he to proceed to enforce collection from each and every one failing to pay. And said plaintiff thereupon gave bond and qualified, and entered upon the performance of the duties of his office as such receiver.

And plaintiff avers that at the time of the entering of such decree dissolving such incorporated association, there existed against the said association liabilities for death losses accruing to beneficiaries of certificates of, membership issued by said association, aggregating the sum of, to wit, $134,000, proper proofs of the death and of interests of beneficiaries to that amount having been filed in the office of the said association at the time of the decree of dissolution.

And plaintiff avers that afterward, on, to wit, the 2d day of July, 1894, in pursuance of, and in obedience to said decree of said court, he made an assessment upon all the members of said association in good standing existing at the time the several death losses respectively became liabilities

against said association, and gave sixty days notice thereof to the members so assessed of such assessment.

And plaintiff avers that on, to wit, the 22d day of January, 1881, the defendant became a member of said association, and upon his application in writing, signed by him, filed with said association, and upon the payment of the prescribed fee for membership, a certificate of membership with a membership limit of $4,000 was issued to him, signed by the president and secretary, and under the seal of the association, whereby he became a member of the association of the second class, and continued as such member to the time of the dissolution of the association, as aforesaid, a copy of which certificate is hereto attached, and made a part hereof.

Plaintiff avers that by article 5, section 1, of the constitution of the said association, adopted and in force during the time of the membership of the defendant as aforesaid, and at the time of the death hereinafter mentioned, it was provided: "The members of the association shall be divided into four classes, according to age: From twenty-one to thirty years of age constituting the first class; those from thirty-one to forty the second class; those from forty one to fifty the third class; those from fifty-one to fifty-five the fourth class;" and by article 7, section 1, it was provided: "Upon the death of a member of the association, satisfactory proof of which has been furnished the board of directors, each member shall be assessed and shall pay to the secretary of the association, according to the class to which he or she is a member, as follows: Members of the first class not to exceed one dollar; members of the second class not to exceed one dollar and ten cents; members of the third class not to exceed one dollar and twenty-five cents, and members of the fourth class not to exceed one dollar and eighty cents, per each $1,000 of membership limit carried."

Plaintiff avers that defendant agreed and stipulated in the written application for membership, so by him signed and filed with said association as aforesaid, and upon which

his certificate of membership was issued, as aforesaid, if accepted as a member of said association; to faithfully abide by its laws and regulations then in force, and such changes as might thereafter be legally made thereto, a copy of which application is hereto attached and made a part hereof.

And plaintiff avers that while defendant was so a member of said association, there occurred the deaths of members of said association hereinafter mentioned, proper proofs of whose deaths are filed in the office of the association, whereby their certificates of membership became a claim and liability against said association; upon which defendant became liable to be assessed under and in accordance with said provisions of said constitution, and in pursuance of the order and decree of the court aforesaid. Said members so deceased, with their postoffice addresses at the time of death, date of death and amount of certificates held by them, are as follows:

| NAME. | AGE. | RESIDENCE. | CAUSE OF DEATH. |
| --- | --- | --- | --- |
| Charles Harris. | 56 | Waverly, Ill. | Dropped dead on street |
| Charles Kemler. | 54 | Chicago, Ill. | Pneumonia. |

| BEN'T DUE. | DATE OF DEATH. |
| --- | --- |
| $4,000. | April 22, 1893. |
| $1,000. | April 22, 1893. |

(Here follow names of thirty-eight other deceased members, with age, residence, cause and date of death of each and amount of benefit due under their certificates, respectively.)

And plaintiff says that in and by article 3, section 1 of the by-laws of said association, adopted and in force during the time of defendant's membership aforesaid, and at the time of the deaths aforesaid, it was provided : " Upon the death of a member of the association, the secretary shall send by mail, to the postoffice address of each member of the association, a notice, giving the name of deceased member

and postoffice address at the time of death, and the assessment due from each member to whom such notice is sent, or the secretary may employ a suitable person in each town or city where the members reside, who shall act for the secretary in serving such notices, either personally or by mail, which notice so sent or served shall be deemed and taken to be lawful and sufficient notice for the payment of the assessment so called for and required."

Plaintiff avers that under and in conformity with the provisions of the constitution aforesaid, and in obedience to the order of the court aforesaid, and in conformity with the by-laws aforesaid, he made an assessment upon the defendant for the deaths aforesaid, in the aggregate sum of $147.40, being the amount of ninety-two cents upon each thousand dollars of membership limit carried by him, for each of said deaths, less any payments already made by him upon the same; and thereupon, on, to wit, July 2, 1894, plaintiff sent a notice to defendant of such assessment, giving the names of the deceased members aforesaid, the postoffice address of each at the time of death, the amount of the assessment due from the defendant, the amount of the certificate held by deceased member, and the date of his death, by inclosing the same in an envelope properly stamped and addressed to the defendant at Mattoon, Illinois, his postoffice address, and by depositing such envelope so addressed and stamped in the postoffice at Mattoon, in said county and State, in which notice he was directed to pay the amount of his assessment aforesaid to the plaintiff, as receiver of said association, within sixty days of the giving of said notice, and in which notice it was stated that said assessment had been ordered made by the court, at said April term thereof. And thereupon the defendant became liable, and it was his duty to pay to the plaintiff, as receiver aforesaid, the said sum of said assessment aforesaid, within sixty days from the giving of said notice, and in consideration thereof, the defendant then and there undertook and promised plaintiff, as receiver aforesaid, to pay him the amount of said assessment within sixty days after the giving of said notice. Yet, though sixty days have long

since elapsed, the defendant has failed, neglected and refused to pay the said sum, or any part thereof, though often requested so to do, to the damage of the plaintiff, as receiver aforesaid, $200, etc.

And for that, whereas, also, the defendant heretofore, to wit, October 1, 1894, at and in said county, became and was indebted to the plaintiff, as receiver aforesaid, in the sum of, to wit, $200, for so much money paid, laid out and expended by plaintiff for defendant at his request, and in a like sum of money had and received by the defendant to and for the use of the plaintiff, and in a like sum for so much money due plaintiff, as receiver aforesaid, upon an assessment made upon defendant by plaintiff, as receiver aforesaid, to pay death losses and liabilities of said association, due and timely notice having been given of such assessment, and the defendant being so liable, then and there undertook and promised plaintiff as receiver aforesaid, to pay him said several sums of money on request. Yet the defendant, though often requested, has not paid the same, or any part thereof, to the damage of the plaintiff, as receiver aforesaid, $200, and therefore he sues, etc.

### EXHIBIT "A."—APPLICATION.

" I further agree, if accepted as a member of the association, to faithfully abide by all its laws and regulations now in force, and such changes as may hereafter legally be made thereto."

Dated at Mattoon, Illinois, this 2d day of January, 1881.
Signature of applicant, Lewis L. Lehman.

### EXHIBIT " B."—CERTIFICATE.

No. 4341.   Age, 35.
Masonic Benevolent Association of Central Illinois.
Chartered May 29, A. D. 1874.
(Duplicate certificate; original surrendered.)

This certificate of membership witnesseth : That the Masonic Benevolent Association of Central Illinois, in consideration of the representations and warranties made to it in the application for this membership, which is hereby made a part of this, and the sum of $9 paid by Lewis L. Lehman,

Clark v. Lehman.

of Mattoon, Illinois, and the payment within fifteen days after due notice has been given of the death of a member of this association, such assessments as may hereafter be made upon him according to the constitution.

Does promise and agree to and with said Lewis L. Lehman to pay or cause to be paid to Mrs. Ella Lehman, his wife, if alive, if not, then to the legal heirs of said Lewis L. Lehman, within ninety days after satisfactory proof of the death of the said Lewis L. Lehman, and proof of interest shall be received at the office of this association, and shall have been approved by the directors, the amount of $4,000.

It is also agreed, that if the said Lewis L. Lehman shall not pay the assessment hereinbefore named on or before the time mentioned for the payment thereof, or in case he shall, without the consent of this association previously obtained in writing, engage in any military or naval service whatsoever, in time of war or rebellion, ærial voyages, the manufacture of highly explosive or inflammable substances, or as a freight brakeman on a railroad, or if any of the representations made in the application for this membership are untrue, then this certificate shall be null, void and of no effect.

It is also agreed, that if an assessment levied to the full maximum of the table of rates as printed on the back of this, will not produce a sum sufficient to pay the full limit named, then and in that case the payment above shall be made *pro rata.*

It is expressly understood and agreed, that no suit at law or in equity can be maintained upon this certificate for the recovery of any claim by virtue thereof, unless the same shall have actually been begun within twelve months from the date of the death of the member to whom it is issued, any statute of limitations to the contrary notwithstanding.

In witness whereof, the said Masonic Benevolent Association of Central Illinois has caused its corporate seal to be hereunto affixed, and these presents to be signed by its president and secretary, at Mattoon, Illinois, this 22d day of January, 1881.

[SEAL.]                    J. RICHMOND, President.
                           JOHN F. SCOTT, Secretary.

JAMES F. HUGHES and ANDREWS & HARDING, attorneys for appellant, contended that the contract between a mutual benefit or assessment association and its members is found in the certificate, but it is to be construed and governed by the charter and by-laws of the society and the statutes of the domicile of the corporation. 1 Bacon on Benefit Societies, 161, Sec. 161, and cases there cited, as follows: Miner v. Mich. Mut. Ben. Ass'n, 63 Mich. 338; Mulroy v. Knights of Honor, 28 Mo. App. 463; Maryland Mut. Ben. Ass'n v. Clendinen, 44 Md. 429; Burbank v. Rockingham Ins. Co., 24 N. H. 550; Masonic Relief Ass'n v. McAuley, 2 Mackey 70; Simeral v. Dubuque, etc., Ins. Co., 18 Ia. 319; Mitchell v. Lycoming, etc., Ins. Co., 51 Pa. St. 402; Susquehanna, etc., Ins. Co. v. Perrine, 7 W. & S. 348; Grand Lodge, etc., v. Elsner, 26 Mo. App. 109; McMurry v. Supreme Lodge, etc., 20 Fed. Rep. 107; National Ben. Ass'n v. Bowman, 110 Ind. 355; Britton v. Sup. Council R. A., 46 N. J. Eq. 102; Lorscher v. Supreme Lodge K. of H., 72 Mich. 316.

A certificate of membership in a benefit society, though it contains on its face no contract of indemnity which entitles the holder to all the rights that appertain thereto, is to be construed in connection with the constitution and by-laws the same as though all these documents were combined in one. Railway Con. Ben. Ass'n v. Robinson, 147 Ill. 152; Alexander v. Parker, 144 Ill. 364.

Then if the certificate, charter, by-laws and statutes of the domicile be the contract (1), is that contract equally binding on both the association and its members, and enforcible only as against either, or (2) is it a unilateral contract and enforcible only as against the association and (3) how should it be construed ?

(1.) As to their enforcement against the association in a proper case we apprehend there is no controversy. Railway Conductors v. Robinson, 147 Ill. *supra*, and same case in 38 Ill. App. 111; Covenant Mutual Benefit Ass'n v. Sears, 114 Ill. 108.

(2.) As to its enforcement against the members.

The question always is, whether in the contract the as-

sured promised to pay the assessments, or whether the payment was only a condition, the performance of which is optional.

Generally, and unless the laws provide otherwise, the issuance and acceptance of the certificate furnishes sufficient consideration for the member's agreement to pay any assessment made during the time he should continue a member, and upon his failure an action will lie against him therefor, unless the contract leaves it optional with the member. The question is one of construction of the language of the individual contract, and necessarily no general rule can be laid down that will apply to all cases. Bacon, Ben. Soc., Vol. 2, Sec. 378.

Where a charter provided that if at any time it should happen there should be just death claims against the society to a greater amount than it had funds to pay, the directors for the time being should, with all expedition, proceed to assess such deficiency in proportion to each one's insurance, not to exceed a certain sum; and it was provided that each, or his legal representatives, when so notified, should pay to the treasurer within sixty days, and in default should forfeit all right and claim to any policy or privilege which he might otherwise obtain, and should no longer be a member, etc., and should be liable for the amount of such assessment with interest, to be recovered by action of debt, etc. Members were held liable for assessments, and the insolvency of the society did not release them.

His contract with his fellow-members was not to bear any part of his own loss. He was to help bear theirs, if theirs happened before his. His fellow policy holders bound themselves, in consideration of his payments and his obligations, to contribute, if necessary, to pay the money which would be due on their contracts, if theirs matured before his; to contribute, if necessary, to the payment of the money which would be due on his if it should mature before theirs; and when the contingency happened, when the period of payment arrived, the mutuality, which up to that time existed, at once ceased, and the policy holder whose policy be-

came due is thereupon *ipso facto* creditor. Vanatta v. N. J. Mutual Life Ins. Co., 31 N. J. Eq. 15; see also Fogg v. Sup. Lodge Order of Golden Lion, 159 Mass. 9; N. W. Traveling Men's Ass'n v. Schauss, 148 Ill. 310; Protchett v. Schaefer, 11 Phil. 196; New Era Life Ass'n v. Rossiter, 132 Pa. 314; Mut. Ben. L. Ins. Co. v. French, 2 Cin. Sup. Ct. Rep. 321; McDonald v. Ross-Lewin, 29 Hun 88; Ellerbe v. Barney, 25 S. W. Rep. 384; 23 L. R. A. 435.

(3.) How these contracts are to be construed.

In the case of benefit societies, the contract must be construed liberally in order to carry out the benevolent object of the creation of these organizations. It is to be construed with reference to the statutes of its domicile, and generally the courts have manifested a liberality to these institutions and have looked upon them with favor. Bacon on Ben. Soc., Vol. 1, Sec. 178; Covenant Mut. B. A. v. Sears, 114 Ill. 108.

The fact the policy is one of a mutual company can not modify the construction which is to be given to the terms of the contract. While the relations of the parties are always to be considered in seeking the true interpretation of their language, their words, used for a definite purpose and applied to a transaction of a well understood character, must be held to convey the meaning and force which is ordinarily attached to them. There is no reason why a contract of insurance between a mutual company and its members should be given any significance different from what would be the fair construction of a similar contract entered into between any parties. Bacon, Ben. Soc., Vol. 1, Sec. 180; Cliff v. Mut. Ben. Life Insurance Co., 99 Mass. 325; see also, Willcuts v. N. W. Mutual Life Ins. Co., 81 Ind. 300; Ben. Ass'n v. Sears et al., 114 Ill. 113.

Henley, Warvelle & Hamlin, attorneys for appellee.

The society for which the receiver in this case assumes to act is called a "benevolent association," incorporated for the purpose of "giving financial aid to the widows, orphans, heirs and devisees of deceased members;" but this, in fact, is just what every mutual life insurance company does; and

the business which it conducted, as set forth in the declaration, was that of "life indemnity, or insurance upon the assessment plan." It was apparently conducted for the personal gain of its officers, in conformity to the usual methods employed by assessment life companies, and in all of its essential features was the same as the many organizations now doing business in this State under the insurance laws. It was an insurance company, within the true spirit and meaning of that term, and not a benevolent society. Its contract, in every proper sense of the term, was essentially a life insurance contract, and as such is governed by the general principles of law applicable to such contracts. Farmer v. State, 69 Tex. 561; Commonwealth v. Wetherbee, 105 Mass. 149; Bolton v. Bolton, 73 Me. 299; Sherman v. Commonwealth, 82 Ky. 102; Goodman v. Jedidyah Lodge, 67 Md. 117.

Under such a contract the payment of premiums or assessments is entirely optional with the insured, and the company, society or association, call it what you will, in the absence of an express agreement or provision for the enforcement of the payment, has no other remedy than the avoidance of the policy or certificate. In this latter event the insured forfeits all he has paid and all benefits to which he might be entitled under the contract. Worthington v. Insurance Co., 41 Conn. 379; Goodwin v. Insurance Co., 73 N. Y. 485; State v. Merchants Exchange Mut. Ben. Society, 72 Mo. 160; Commonwealth v. Wetherbee, 105 Mass. 149.

The member may maintain his membership relation by paying the assessment, if he so desires, but this is wholly optional with him. Whenever he fails to pay within the stipulated time he forfeits his membership and his rights under the contract. Re Protection Life Insurance Co., 9 Biss. 188; Chicago Mutual, etc., Association v. Hunt, 127 Ill. 257; Farmer v. State, 69 Tex. 561; Burdon v. Mass. Safety Fund Association, 147 Mass. 360; Rood v. Railway Pass. Ass'n, 31 Fed. Rep. 62; People v. Golden Rule, 114 Ill. 34; Niblack, Benefit Societies, 471; Bacon, Benefit Societies, Vol. 2, 357; Chicago Mutual Life Indemnity Ass'n v. Hunt, 127 Ill. 257.

It is a cardinal principle that statutes granting power must be strictly construed and the jurisdiction exercised in the precise way indicated by statute. The authority, in such case, like all jurisdiction and authority derived from and dependent upon statute, must be taken and accepted with all the limitations and restrictions the act creating it may impose, and courts are powerless to pursue any other method or line of conduct. County of Hardin v. Mc-Farlan, 82 Ill. 138; Hartford Fire Ins. Co. v. Owen, 30 Mich. 441; Sutherland, Stat. Const., Sec. 394; Sedgwick, Stat. & Const. Law, 343.

Mr. Justice Boggs delivered the opinion of the Court.

Whether a member of an association of the character of that represented by the appellant receiver is legally liable to pay assessments for death losses, or whether the only recourse of the association, in the event of his refusal to pay, is to declare his certificate void and cancel his membership, depends upon the contract between the member and the association.

In the absence of an express stipulation to pay assessments the contract is unilateral and the member may pay or decline to pay at his option, the only effect of his default in making payment being to relieve the association of its obligation to him.

The contract is to be ascertained, not upon consideration alone of the certificate, but the application for membership; the constitution and by-laws of the association form a part thereof and are to be considered together with the certificate as though all were embraced in a single instrument.

The appellee, in his application to be received as a member of the association, stipulated he would faithfully abide by all its laws and regulations then in force, and by such changes therein as thereafter might be legally made. His application was accepted and he became a member in the second class.

Art. VII, Sec. 1, of the constitution of the association, then provided that " upon the death of a member of the

association, satisfactory proof of which has been furnished to the board of directors, each member shall be assessed and *shall pay* to the secretary of the association according to the class of which he is a member, as follows: * * * members of the second class not to exceed one dollar and ten cents * * *˙ per each $1,000 of membership limits carried."

The constitution of this association is not silent as to obligation of appellee to pay—does not leave it optional with him, but provides he "shall pay" the assessments, and he obligated himself to faithfully abide by and perform its requirements. This construction of the provision of the constitution is supported by the opinion of the Supreme Court of the State of Missouri, in the case of Ellerbe v. Barney, 25 S.W. Rep. 384.

The provision in the certificate that a failure to pay should render his membership void, when considered in connection with the stipulation of the application and the provision of the constitution, must be regarded as intended solely for the benefit of the association, to be availed of by it, if such course seemed best for its interest, and not a restriction upon the power possessed under the constitution to require the holder of the certificate to pay assessments. It is, however, contended no valid assessment has been made; the declarations contain following allegation as to the assessment:

And plaintiff avers that at the time of the entering of such decree dissolving such incorporated association, there existed against the said association liabilities for death losses accruing to beneficiaries of certificates of membership issued by said association, aggregating the sum of, to wit, $134,000, proper proofs of the death and of interests of beneficiaries to that amount having been filed in the office of the said association at the time of the decree of dissolution, and "that while defendant was so a member of said association, there occurred the deaths of members of said association hereinafter mentioned, proper proofs of whose deaths are filed in the office of the association, whereby their certifi-

cates of membership became a claim and liability against said association; upon which defendant became liable to be assessed under and in accordance with said provisions of said constitution, and in pursuance of the order and decree of the court aforesaid. Said members so deceased, with their postoffice addresses at the time of death, date of death, and amount of certificates held by them, are as follows: (Here follow the names of forty deceased members with date of death, amounts of certificate, etc., to each of them.)

And plaintiff says that in and by article III, section 1, of the by-laws of said association, adopted and in force during the time of defendant's membership aforesaid, and at the time of the deaths aforesaid, it was provided : " Upon the death of a member of the association, the secretary shall send by mail, to the postoffice address of each member of the association, a notice, giving the name of deceased member and postoffice address at the time of death, and the assessment due from each member, etc., which notice shall be deemed and taken as a lawful and sufficient notice for the payment of the assessment so called for and required."

The declaration also avers the court ordered and directed the receiver to make an assessment against the surviving members of the association, in conformity with the by-laws, and give notice thereof in the manner required by the by-laws, and that the receiver had so given notice to the appellee.

It appeared from these allegations the beneficiaries of the deceased members had, prior to the appointment of the receiver, performed all that was required to be done by them to entitle them to the indemnity provided for their benefit by the terms and conditions of the certificates held by them, and that it only remained for the association to act, and nothing remained to be done by it except to notify its members of the amount necessary to be paid by each of them, collect same and pay to those entitled thereto. This duty of notification devolved upon the secretary. It required the exercise of ministerial duties only.

In this condition of affairs the receiver was appointed. He succeeded to all the rights of action which had accrued to the association, and we think the court had full power to clothe him with the authority possessed in the first instance by the secretary of the association, of notifying the members that they were liable to pay the assessments in question. See 20 Amer. & Eng. Ency. of Law, pp. 286–290.

We perceive no ground either of reason or upon authority to support the contention of the appellee, that the beneficiaries should have been required to present their proofs to the court and again make their case there.

They had before the appointment of the receiver, by a course of proceedings established by the constitution and by-laws of the association, procured their claims to be adjusted and the liability of the association, at least *prima facie*, established, and we think it was proper for the court to take the necessary steps to carry such proceeding to a lawful termination, leaving it to the parties assessed to prefer in the court complaint, if any they have, against the legality or justice of the claims to satisfy which the assessment was made.

The power given the court by the provisions of Sec. 19 of the act of 1893, "to render judgment that it (an association) be dissolved and a receiver appointed, an account taken and equitable distribution of its property among its creditors and policy holders be made," is ample to warrant the action of the court in the case at bar.

The word "property" as there used includes debts—choses in action of every kind. Stable v. Webster, 11 Ill. 511. An equitable disposition of property of such an association could only be accomplished by enforcing payment of amounts due from members upon mortuary calls and the appropriation of the sums so collected to the persons entitled thereto, according to the plans, purposes and contracts of the association. The stipulation in the certificate of membership that no suit at law or in equity can be maintained upon the certificate, unless begun within twelve months from the death of the member to whom it was issued, can not be successfully invoked by the appellee.

The receiver was appointed April 17, 1894, and the mortuary benefits intended to be discharged by the assessments sought to be enforced against the appellee, are because of the death of members occurring within one year prior to appointment.

The effect of the decree that the association be dissolved and a receiver appointed, and his appointment, operated to vest the property of the association in the receiver for the benefit of creditors of the association, and the receiver thereupon became in fact a trustee for the creditors, and the limitation created by the stipulation in the certificate, for that reason ceased to run.    Buswell on Limitations, Sec. 132, 329.

We are of opinion the demurrer should have been over ruled.

The judgment is reversed and the cause remanded, with directions to the court below to overrule the demurrer and require the defendant to plead to the declaration.    Reversed and remanded.