[71   366
174s 279

## Lewis L. Lehman v. James H. Clark, Receiver.

1.  BENEFIT SOCIETIES—*Subject to the Act of 1893, in Regard to Assessment Insurance Societies.*—Although the association concerned in this case was organized under the act of 1872 regulating benefit societies, it is embraced within the act of 1893 in regard to companies furnishing insurance upon the assessment plan, and is subject to its provisions.

2.  EVIDENCE—*Of Membership in Benefit Societies.*—In a suit by the receiver of an assessment insurance association to collect assessments with which to pay death claims, it is not necessary that the certificates of membership of the deceased members be produced; if the records of the association show they were members and were treated as such, that they paid all dues and assessments up to the time of their deaths, and that proofs of deaths had been received and retained by the association without objection, a *prima facie* case is established.

3. BY-LAWS—*Approval of Action in Regard to, Held to Amount to Adoption of.*—The records of a benefit society showed that the secretary reported to the board of directors that by-laws had been compiled, revised and printed, and that the secretary's action in relation to by-laws was approved. The law under which the association was operating not providing any particular mode by which by-laws should be adopted, *it was held* that the approval of the action of the secretary was equivalent to a formal adoption of the by-laws by the board of directors.

4. WRITTEN CONTRACTS—*The Rule Prohibiting Variation of by Parol, Applied.*—In a suit by the receiver of a benefit society to collect assessments, the defendant offered to prove a custom, acted upon by the association and individual members, that when a member failed to pay an assessment he should be relieved from further liability as a member. As this was at variance with the application, the constitution and by-laws and certificate of membership, which, taken together, formed the contract, *it was held* that it was an attempt to vary a written contract by parol, and that the offered evidence must be excluded.

Assumpsit, for assessments due an insurance society. Appeal from the Circuit Court of Coles County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 13, 1897.

HENLEY & HENLEY and J. W. & E. C. CRAIG, attorneys for appellant.

ANDREWS & VAUSE, attorneys for appellee; J. F. HUGHES, of counsel.

OPINION-PER CURIAM.

This is an action of assumpsit brought by appellee, as the receiver of the Masonic Benevolent Association of Mattoon, Ill., to recover the amount of assessments made by him as such receiver, against appellant, a member of the association, to cover death losses.

A trial was had upon the declaration, general issue and stipulation allowing any and all defenses to be made under the general issue.

After the evidence was heard the court directed the jury to return a verdict for the plaintiff, which the jury did, fixing the damages at $158.40. A remittitur for $19.80 was entered and a judgment rendered for $138.60.

The case was before this court át the November term, 1895, on an appeal from a judgment sustaining a demurrer to the declaration, and it is reported in volume 65 Ill. App. 238.

In setting out the reasons for holding that the declaration was good, the views of the court are expressed upon nearly all of the points of contention now urged for a reversal of this judgment.

Although the *personnel* of the court, as now organized, differs from what it was then, we adhere to the views then expressed and shall not discuss the points covered by the published opinion.

Although this association was organized under the act of 1872, regulating benefit societies, it is embraced within the act of 1893 and is subject to its provisions, and this court so held in effect when passing upon the sufficiency of the declaration.

Appellant contends that the membership of the deceased members, on account of which the assessments were made, was not properly proven. He insists that the production of their certificates of membership was the proper and only mode by which that fact could be proven.

We are of the opinion it did not devolve upon the receiver to produce such certificates. They are not supposed to be in his possession. If the records of the association showed they were members, and they were treated as such, that they had paid all dues and assessments extended against them up to the time of their deaths, and that proofs of their deaths had been received and retained by the association without objection, a *prima facie* case was established.

To the contention that there is no proof that the by-laws were ever adopted by the association it is sufficient to say that the record of the proceedings of the board of directors of the date June 1, 1886, introduced in evidence, shows " that the secretary reported to the board that the by-laws as they now stand had been compiled and revised, that he had had five thousand copies printed at cost of $5.50 per thousand, and that on motion, secretary's action in relation to by-laws was

approved." The evidence shows that the copy offered upon the trial was one of those printed in 1886 and approved by the board of directors.

The act under which the association was operating at that time did not prescribe any particular mode by which by-laws should be adopted. The approval of the act of the secretary in compiling, revising and publishing the by-laws was equivalent to a formal adoption of them by the board of directors.

It was not necessary to introduce in evidence the bill filed by the attorney-general for dissolution of the association, etc. The recital in the decree as to jurisdiction of the parties and the subject-matter obviated that.

The evidence shows that the assessments were made in accordance with the provisions of the constitution of the association and appellant has no just cause of complaint on that score.

The court was right in refusing to allow appellant to prove that a custom had prevailed and had been acted upon by the association and individual members, that when a member had failed to pay an assessment he should be relieved from further liability as a member.

It was an effort to show an understanding at variance with the application, the constitution and by-laws and certificate of membership, which, taken together, constitute a written contract. In other words it was an attempt to vary by parol a written contract.

We are of the opinion that plaintiff below proved his declaration, and as no valid defense was interposed, the court rightfully directed the jury to return a verdict for plaintiff.

Judgment affirmed.